# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRUSTEES OF THE OPERATING
ENGINEERS PENSION TRUST, *et al.*,

    Plaintiffs,

v.

DRAEGER CONSTRUCTION, LLC, *et al.*,

    Defendants.

Case No. 2:10-CV-1300-KJD-LRL

**ORDER**

    Presently before the Court is Plaintiffs' Motion for Summary Judgment Against Design Builders, Ltd. (#29). Defendant Design Builders, Ltd. ("Design Builders") filed a response in opposition (#30) to which Plaintiffs replied (#31). Defendant Design Builders also filed a Sur-reply (#32).

I. Facts

    Non-party X-Treme X-Cavation, Inc. ("X-Treme") was a signatory to a collective bargaining agreement with the International Union of Operating Engineers, Local Union No. 12. X-Treme became liable to the Plaintiff Trusts for its failure to pay fringe benefit contributions on various jobs it performed for contractors from about April 2008 until January 2009. Plaintiffs filed suit against X-Treme in United States District Court for the District of Nevada: 2:08-cv-1145-JCM-GWF ("the

Delinquency Action"). As a result of the Delinquency Action a Stipulation for Entry of Judgment was entered on April 20, 2009 in the amount of $129,785.54. Pursuant to the stipulation, X-Treme was required to make monthly payments to Plaintiffs in order to satisfy the judgment. Based on discovery in the case, Plaintiffs concluded that X-Treme performed at least 1,010 hours of work as a sub-contractor for Design Builders for which X-Treme failed to pay the fringe benefit contributions. Specifically, Plaintiffs contend that X-Treme owed $16,587.68 in unpaid contributions and $1,658.76 in liquidated damages, plus interest for worked performed as a sub-contractor for Design Builders.

On August 2, 2010, Plaintiffs filed the present action asserting that each of X-Treme's general contractors, including Building Contractors, was liable to Plaintiffs for statutory damages pursuant to NRS § 608.150:

> "Every original contractor making . . . any contract in [Nevada] for the erection, construction alteration or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor or any contractors acting under, by or for the original contractor in performing any labor, construction or other work[.]"

II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323. The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587. However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit

or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy."  O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

III.  Analysis

Defendant Design Builders does not dispute its liability under NRS § 608.150. Design Builders only disputes the amount of damages owed to Plaintiffs.  Accordingly, the Court grants Plaintiffs' motion for summary judgment as to liability only.  However, the Court finds that Defendant Design Builders has raised a genuine issue of material fact as to the amount of hours worked by X-Treme on Design Builders' projects and the amount paid by X-Treme toward the portion of unpaid fringe benefit contributions and liquidated damages.  Therefore, the Court denies summary judgment on the issue of damages, attorneys fees and costs.  Furthermore, if Design Builders desires further discovery it must comply with the Federal Rules of Civil Procedure and make the appropriate motion to extend or compel discovery.

IV.  Third Party Complaint

Defendant Design Builders' Amended Answer and Third Party Complaint (#25) against Pama Airport South, LLC and Andrew E. Cartwright was filed on November 11, 2010. Federal Rule of Civil Procedure 4(m) requires service of summons and complaint to be made upon a defendant 120 days after the filing of the complaint. The 120 day time period for effecting service of the summons and complaint upon Third Party Defendants Pama Airport South, LLC and Andrew E. Cartwright expired no later than March 11, 2011. Third Party Plaintiff has not yet filed proof of service.

Accordingly, IT IS HEREBY ORDERED that Design Builders shall have up to and including January 19, 2012 to file proof of service of the summons and complaint within the allowed time. If Design Builders fails to respond or to file proof of service, the Court will dismiss the third party complaint without prejudice in accordance with Federal Rule of Civil Procedure 4(m).

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment Against Design Builders, Ltd. (#29) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Plaintiffs' motion for summary judgment on the issue of liability is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiffs' motion for summary judgment as to the amount of damages is **DENIED**;

IT IS FURTHER ORDERED that Design Builders file proof of service of the third party summons and complaint no later than January 19, 2012.

DATED this 4th day of January 2012.

Kent J. Dawson
United States District Judge